IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN D. GODFREY,

    Plaintiff,
v.                                                                     CASE NO. 4:04-cv-00091-MP-AK

JAMES MCDONOUGH,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that Petitioner's petition for writ of habeas corpus, Doc.1, be granted, the Petitioner be allowed to withdraw his plea of *nolo contendere*, and that a trial in the underlying case be conducted within ninety days of the adoption of the Report and Recommendation. The Magistrate Judge filed the Report and Recommendation on Wednesday, January 31, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this instance, no objections have been filed.

Petitioner entered a plea of *nolo contendere* to second degree arson, reserving the right to appeal the denial of his motion to dismiss, intoxication defense, and his challenge to the constitutionality of the Prison Releasee Reoffender Act. After being sentenced to fifteen years imprisonment, Petitioner appealed his sentence and conviction on the ground that the State could not prove the prima facie case of arson because no damage resulted from the fire. The district court of appeal affirmed Petitioner's conviction without opinion. In his motion for

post-conviction relief, Petitioner alleges that his counsel was ineffective for leading him to believe that Petitioner could preserve an issue of fact for further appellate review by entering a *nolo contendere* plea. The trial court denied the motion, and the appellate court affirmed. Petitioner now brings the same allegation of ineffective assistance of counsel, which Respondent concedes is properly exhausted and timely.

To prove second degree arson, the State must establish that a person "willfully and unlawfully . . . by fire or explosion, damages or causes to be damaged any structure." Florida Statute 806.01(2). Therefore, an essential element of second degree arson is proof of "damage" to a structure. Higgins v. State, 565 So.2d 698, 699 (Fla. 1990). In his motion to dismiss, Petitioner argued that soot easily removable by washing does not amount to "damage" under the arson statute. Although Petitioner's motion was denied, had Petitioner proceeded to trial, the issue of damage would be a question for the trier of fact. As the Magistrate notes, under Florida law, a person entering a plea of *nolo contendere* is foreclosed from appealing factual issues because "questions of fact cannot be reserved for appeal upon a plea of nolo contendere." Falco v. State, 407 So.2d 203, 207 (Fla. 1981). Therefore, the Magistrate states that counsel's advice for Petitioner to enter a plea of *nolo contendere* in order to preserve a factual issue on appeal is objectively unreasonable and resulted in prejudice to the Petitioner.

In this case, the Court may grant habeas corpus relief under 28 U.S.C. § 2254 only if the state court adjudication was contrary to or resulted in an unreasonable application of clearly established Supreme Court law. Since Petitioner alleges that counsel provided ineffective assistance, the applicable clearly established law as determined by the Supreme Court is Strickland v. Washington, 466 U.S. 668 (1984). In order for Petitioner to prevail, he must show

that the state court's decision unreasonably applied Strickland in concluding that counsel's performance was not below an objective and reasonable professional norm, and that Petitioner was not prejudiced by this inadequacy. The Court agrees with the Magistrate that a reasonable lawyer under the same circumstances would not have acted as defense counsel acted in the instant case, and that counsel's advice likely caused the Petitioner "to forfeit a judicial proceeding to which he was otherwise entitled." Roe v. Flores-Ortega, 528 U.S. 470, 485 (2000). Furthermore, the Court agrees with the Magistrate that the state court unreasonably–not just erroneously or incorrectly–applied the principles of Strickland.

Therefore, having considered the Report and Recommendation, and the lack of objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 20, is adopted and incorporated by reference in this order;

2. Petitioner's petition for writ of habeas corpus, Doc.1, is GRANTED, to the extent that Petitioner seeks to withdraw his plea of nolo contendere in Cause No. 01-665 entered in the Circuit Court of Okaloosa County, Florida;

3. Petitioner shall be allowed to WITHDRAW his plea;

4. A trial in Cause No. 01-665 shall be CONDUCTED within ninety (90) days of the of the date of this order.

**DONE AND ORDERED** this   *3rd* day of April, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge